## Springfield Fire and Marine Insurance Company v. Chambers, et al.

(Decided October 7, 1924.)

### Appeal from Mercer Circuit Court.

1. Insurance—Verdict in Favor of Insured on Issue of Cancellation Held Against Weight of Evidence.—In action on insurance policy covering buildings and furniture for loss of the latter, wherein defendant claimed policy had been cancelled on exchange of real estate, verdict for plaintiff held flagrantly against evidence.

2. Trial—Court should have Awarded Burden to Insurance Company Taking Affirmative on Issue of Cancellation.—In action on fire policy, wherein defendant claimed policy was cancelled, and took affirmative of issue whether cancellation was, with plaintiff's knowledge and consent, only question at issue, court should have awarded burden to insurer.

3. Insurance—Proper Instruction where Sole Question for Jury is whether Plaintiff Agreed or Consented to Cancellation of Policy. —In action on fire policy, wherein sole question for jury's consideration is whether plaintiff agreed or consented to cancellation of insurance, court should instruct in substance to find for plaintiff, unless jury believe that, before fire, plaintiff authorized or consented to cancellation.

JOSEPH S. LAURENT, E. H. GAITHER and BRUCE, BULLITT & GORDON for appellant.

R. L. BLACK and J. F. VANARSDALL for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Reversing.

In June, 1921, Chambers took out a policy of fire insurance for $4,600.00, covering his residence, barn and outbuildings and furniture in his house, all in one contract; $1,000.00 of the sum covering the furniture alone. Some time in August, following, he sold his farm and buildings to one Royalty in consideration of certain improved property in Lawrenceburg and the assumption by Royalty of certain debts. Royalty had a fire policy for $3,000.00 on his property in Lawrenceburg, which he traded to Chambers, and in the exchange it was agreed that Chambers would assign and transfer to Royalty the fire insurance which was on the property he conveyed to Royalty, and Royalty agreed to transfer the insurance on the property in Lawrenceburg which he conveyed in the exchange for the farm of Chambers, to Chambers as soon as the deal was closed. The deeds were executed in the office of Judge Corn in Harrodsburg. Immediately thereafter Chambers and Royalty went down on the street and found Houchins, the insurance agent, and told him of their exchange of property and arranged for Houchins to issue a policy to Royalty. After talking the matter over Houchins, Royalty and Chambers entered an automobile and drove to the office of Houchins for the purpose of making the transfer of insurance. Chambers did not go up into the office but waited on the outside while Houchins and Royalty arranged the insurance. As

Royalty desired a larger amount of insurance upon the
property than Chambers was carrying, it was decided to
cancel the policy issued to Chambers, giving Royalty
credit on the premium of a new policy the unearned prem-
iums paid by Chambers. This new policy in Royalty's
favor was to cover the house, buildings and other prop-
erty on the farm which Chambers had conveyed to
Royalty. Accordingly, the old policy of insurance was
cancelled and a new policy issued. The agent wrote the
company to return the Chambers note for the installments
of the premiums which were not yet due.

Chambers continued to occupy the residence on the
farm until he could find a place to move, for he did not
intend to go to Lawrenceburg to occupy that property, it
being used as a pool room. While he continued on the
farm the house was destroyed by fire, as was also his
furniture. Shortly thereafter he called on Houchins, the
insurance agent, and demanded that he pay the policy on
the furniture, but was told by Houchins that his policy
had been cancelled at Chambers' request at the time of
the making of the deeds. He thereupon brought this suit
against the appellant insurance company to recover
$1,000.00 on the policy, alleging it was in full force and
effect at the time of the fire and that the company had
denied liability to him although the property had been
destroyed by fire.

In his testimony Chambers admits in substance that
an arrangement was entered into between him and
Royalty whereby Royalty was to transfer insurance on
the Lawrenceburg property to Chambers and Chambers
was to transfer the insurance on the farm property to
Royalty. He says, however, he does not remember all
the details of the conversation; that while he agreed for
Royalty to have the insurance on the farm property he
did not agree to the cancellation of the policy in so far
as it covered the furniture. On the other hand, both
Royalty and Houchins, the insurance agent, say he agreed
to the cancellation of the policy of insurance, saying in
substance to Royalty that if Royalty would pay the bal-
ance of the premium about to become due upon the policy
he could have it and do with it as he pleased. The policy
of insurance had never been delivered by the agent of the
insurance company to Chambers, but when he issued the
new policy to Royalty on the same real property he can-
celled the old policy and returned it to the company. The
evidence of Chambers upon the subject is not satisfactory.

His answers are not full and frank. The great weight of the evidence is with the appellant company. In fact, we feel that the verdict of the jury awarding appellee Chambers $1,000.00 on the policy is flagrantly against the evidence and that the judgment should be reversed for that reason.

The only question at issue at the trial was whether the policy of insurance issued to Chambers was cancelled with his knowledge and consent, and appellant company took the affirmative of this question and averred that it had been cancelled with his knowledge and consent. The court should have awarded the burden to it, and upon another trial, if one there be, the trial court will so rule.

Inasmuch as the sole question for the jury's consideration is, whether Chambers agreed or consented to the cancellation of the insurance on his furniture, we think the instruction should be in substance as follows: "Gentlemen of the jury; you will find for the plaintiff Chambers $1,000.00, unless you believe from the evidence that prior to September 14, 1921, the date of the fire, the plaintiff, L. C. Chambers, authorized or consented to the cancellation of the policy sued on, and that the policy was cancelled in pursuance to such an agreement or understanding with Chambers, in which event you will find for the defendant company."

For the reasons indicated the judgment is reversed for proceedings consistent herewith.

Judgment reversed.